Thomas K. Doyle, OSB No. 972511
doylet@bennetthartman.com
Bennett, Hartman, Morris & Kaplan, LLP
210 SW Morrison St., Suite 500
Portland, OR 97204-3149
Telephone: (503) 227-4600
Facsimile: (503) 248-6800
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| MARILYN WATKINS, an individual, | Case No.: |
| Plaintiff, | COMPLAINT |
| v. | Violation of 29 U.S.C. §§ 2601-2654 (Family Medical Leave Act); 42 U.S.C. §§ 12101-12213 (Americans With Disabilities Act); ORS 659A.103-145; ORS 659A.150-186 |
| ST. CHARLES HEALTH SYSTEM, INC., dba ST. CHARLES REDMOND MEDICAL CENTER , | |
| Defendant. | DEMAND FOR JURY TRIAL |

SUMMARY STATEMENT

1.      Plaintiff seeks monetary relief to redress violation of her rights under state and federal law to receive reasonable workplace accommodation of a disability and to take leave from employment for treatment of a serious medical condition without retaliation.

JURISDICTION AND VENUE

2.      Jurisdiction lies pursuant to 28 U.S.C. § 1331 because this matter involves a civil action arising under the laws of the United States and pertaining to federal questions.

3.      Supplemental jurisdiction of all state law claims lies pursuant to 28 U.S.C. § 1367

Page 1 – COMPLAINT

because the state law claims alleged in this complaint arise out of the same nucleus of operative facts as the federal law claims.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the claims alleged in this complaint are based upon events and omissions which have substantially occurred in this District.

## PARTIES

5. Marilyn Watkins ("Plaintiff") was at all material times herein, and is now, a citizen of the United States and a resident of Deschutes County, State of Oregon.

6. St. Charles Health System, Inc. ("Defendant") is a nonprofit corporation incorporated under the laws of the State of Oregon, with its principal place of business in Bend, Oregon.

## ADMINISTRATIVE PREREQUISITES

7. On or about February 6, 2014, Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") in which she alleged that Defendant violated her rights under state and federal law for the reasons cited in this Complaint. Plaintiff co-filed a complaint with the Equal Employment Opportunities Commission ("EEOC").

8. On or about May 21, 2014, 2014, BOLI notified Plaintiff of her right to sue Defendant for the allegations contained in her complaint.

9. Plaintiff has therefore complied with all administrative prerequisites to file suit, and this complaint is timely filed within 90 days of BOLI's right-to-sue notice.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff was employed as an RN in Defendant's Labor and Delivery Department from June 8, 1989, to July 31, 2013.

11. Plaintiff is a disabled individual. Plaintiff initially injured her back assisting a patient on March 12, 1997. Plaintiff re-injured her back on January 21, 1999, while moving furniture to setup for a patient class. The second injury was more significant and caused her significant treatment and to be off of work. She has not returned to her regular duties she had before this second injury.

12. On February 24, 1999, Plaintiff's physician issued a restricted work release specifying that Plaintiff shall not lift more than 40 lbs. Plaintiff's physician provided documentation of this restriction to Defendant.

13. Plaintiff acquired additional training and certifications and schooling to be able to continue to work for Defendant in a position that would fit within her 40 lbs. lifting restriction.

14. On May 5, 1999, Defendant provided Plaintiff modified work duty as a Women's Care Unit Educator. As part of her revised duties, Plaintiff conducted prenatal classes, lactation consultations, support groups for new mothers, and preadmission interviews with patients.

15. On July 13, 1999, Plaintiff's physician provided Defendant a revised work release for Plaintiff specifying that Plaintiff's lift restriction of 40 lbs. would continue indefinitely.

16. Over the course of more than ten years of employment with Defendant, Plaintiff worked within a modified job description. On multiple occasions Plaintiff took medical leave and was approved by physicians to return to work—including for a broken foot in 2002 and an intestinal infection in 2003. At no point did her physicians revise or remove her 40 lb. lift restriction.

17. In November 2012, Plaintiff's immediate supervisor (Amy Hansen) went out on leave and another Supervisor, Lisa Hindman, a staff nurse and who was assigned to act in charge and oversee Plaintiff. During this time, decisions were made by a staff nurse, which affected

Page 3 – COMPLAINT

Plaintiff's job duties. Her hours were changed and many of her duties were given to a relief nurse and a night nurse, not trained in Lactation but studying to become Lactation Consultants.

18. Plaintiff was the only positioned Lactation Consultant in the Department. The staff nurse making decisions was not given a formal role as supervisor, but was in constant phone contact with the supervisor out on leave.

19. Plaintiff had fewer work hours. Her concerns were taken to the Director of Nurses on several occasions with no resolution.

20. On March 26, 2013, Plaintiff received an email from Ms. Hansen stating that Plaintiff would need to provide patient care, which would require her to lift more than 40 lbs.

21. On or about April 12, 2013, Plaintiff met with Ms. Hansen and the head of Human Resources. She was told that there is no job which would allow her to work within her restrictions and if she didn't like it, then she could leave.

22. On April 15, 2013, Plaintiff visited her physician and mental health counselor regarding stress and related physical symptoms. At her physician's advice, Plaintiff requested time off work. When her symptoms worsened, she requested and was granted extended medical leave.

23. Defendant terminated Plaintiff's employment on July 31, 2013. She was also told that the hospital has three months to find her a job she is qualified for and that fits within her restrictions. Despite trying to communicate with Defendant at least five times in the last few months, she has not been contacted during this time regarding another position for her.

24. Although she has had restrictions regarding weight lifting, her employer has denied any knowledge of those restrictions provided by her physician.

25. The employer took the above actions in violation of the state and federal disability

Page 4 – COMPLAINT

protections statutes, protections against discrimination for worker's compensation injury.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. §§ 12101-12213 – Americans With Disabilities Act)

26.     Plaintiff re-alleges and incorporates paragraphs 1 through 25 above.

27.     All actions of managers at Defendant. as set forth above, were done so in a supervisory capacity with actual or apparent authority from Defendant to take such actions.

28.     Plaintiff's serious medical conditions constitute physical impairments that substantially limited one or more major life activities.

29.     At all material times herein, Defendant was aware of Plaintiff's disability.

30.     Defendant's failure to make reasonable accommodation throughout the duration of Plaintiff's employment constituted discrimination against her on the basis of her disability. Defendant's other adverse employment actions, including denial of advancement, also constituted discrimination against Plaintiff on the basis of her disability.

31.     Pursuant to 42 U.S.C. § 12117, Plaintiff is entitled to an award of compensatory damages and equitable relief, including back pay reflecting any wrongfully withheld promotions, raises, bonuses and merit pay, and any and all benefits, plus an award of future earnings, and pre- and post-judgment interest at the maximum rate on all amounts recoverable.

32.     Pursuant 42 U.S.C. § 12205, Plaintiff is entitled to an award of reasonable attorney fees and costs incurred in the exercise of this action.

## SECOND CLAIM FOR RELIEF

(ORS 659A.103-145 – Oregon Disabilities Act)

33.     Plaintiff re-alleges and incorporates paragraphs 1 through 25 above.

34.     All actions of managers at the Medical Center, Matrix Absence Management, and Plaintiff's supervisors, as set forth above, were done so in a supervisory capacity with actual or

Page 5 – COMPLAINT

apparent authority from Defendant to take such actions.

35.     Plaintiff's serious medical conditions constitute physical impairments that substantially limited one or more major life activities.

36.     At all material times herein, Defendant was aware of Plaintiff's disability.

37.     Defendant's failure to make reasonable accommodation throughout the duration of Plaintiff's employment constituted discrimination against her on the basis of her disability. Defendant's other adverse employment actions, including denial of advancement, also constituted discrimination against Plaintiff on the basis of her disability.

38.     Pursuant to ORS 659A.885(1), Plaintiff is entitled to an award of compensatory damages and equitable relief, including back pay reflecting any wrongfully withheld promotions, raises, bonuses and merit pay, and any and all benefits, plus an award of future earnings, and pre- and post-judgment interest at the maximum rate on all amounts recoverable.

39.     Pursuant to ORS 20.107 and ORS 659A.885(1), Plaintiff is entitled to an award of reasonable attorney fees and costs incurred in the exercise of this action.

## DEMAND FOR JURY TRIAL

40.     Plaintiff hereby requests a jury trial on all triable claims and issues herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      On Plaintiff's FIRST CLAIM FOR RELIEF for violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213:

   a. A finding that Defendant violated 42 U.S.C. § 12112;

   b. Pursuant to 42 U.S.C. § 12117, an award of compensatory damages and equitable relief in the amount of $250,000.00;

   c. Pursuant to 42 U.S.C. § 12205, an award of reasonable attorney fees and

        costs; and

    d.  Pursuant to 28 U.S.C. § 1961(a), interest accruing from the date of entry of judgment on all amounts owed at the highest rate allowable under law.

2.  On Plaintiff's SECOND CLAIM FOR RELIEF for violation of the Oregon Disabilities Act, ORS 659A.103-145:

    a.  A finding that Defendant violated ORS 659A.112;

    b.  Pursuant to ORS 659A.885(1), an award of compensatory damages and equitable relief in the amount of $250,000.00;

    c.  Pursuant to ORS 20.107 and ORS 659A.885(1), an award of reasonable attorney fees and costs; and

    d.  Pursuant to ORS 82.010(1)(a), interest of nine percent per annum on all amounts owed accruing from the date they became due.

DATED this 19th of day of August, 2014.

        Respectfully submitted,

        BENNETT, HARTMAN, MORRIS & KAPLAN LLP

        s/   *Thomas K. Doyle*

        Thomas K. Doyle, OSB No. 972511
        Telephone: (503) 227-4600
        Facsimile: (503) 248-6800
        doylet@bennetthartman.com
        Of Attorneys for Plaintiff